HERIOTT, APPELLANT, *v.* MARINE ET AL., APPELLEES.

(No. 249—Decided August 12, 1953.)

*Mr. William L. Coleman,* for appellant.
*Mr. Clifton L. Caryle,* for appellees.

*Per Curiam.* This cause was heard by and submitted to the court *de novo,* the parties stipulating that the transcript of the evidence on the trial of this case in the Common Pleas Court should be admitted in evidence in this court, and that the cause should be heard and decided on such evidence plus such additional evidence as the parties should offer in this court.

The action is one to rescind an agreement in writing entered into between the plaintiff Irene Heriott and the defendants Bessie Marine and B. H. Marine, whereby the plaintiff agreed to purchase from the defendants and the defendants agreed to sell to the plaintiff certain real estate situated in Milford Center, Union county, Ohio, together with the building thereon, the restaurant and beer business being then conducted on said premises, and the fixtures and equipment used in connection with such business, for the price of $19,000, $8,000 of which amount was paid in cash by plaintiff and the receipt thereof acknowledged by defendants and $2,000 of which amount was paid by a note, which the agreement provided should be paid by plaintiff to defendants upon the transfer to plaintiff

of D-1, D-2 and C-2 liquor permits issued by the State Liquor Department, but which note was delivered without waiting for such transfer, and $9,000 of which was to be paid on or before a year from the date of said agreement as evidenced by a promissory note in said amount given to defendants by plaintiff and her husband.

Dependent upon rescission being decreed, the plaintiff seeks recovery of the down payment of $8,000 cash made upon the purchase price and also to be restored to the possession of the notes executed by plaintiff to defendants.

As a ground for such rescission, the plaintiff alleged in her petition that the defendants had fraudulently withheld from her information that the son of the defendants, in whose name the above permits were issued, had committed a felony, that such permits were subject to revocation for this reason, and that the defendants would be unable to cause them to be transferred to the plaintiff.

From the transcript of the evidence it appears that the contract of sale was entered into under date of March 24, 1951, and contained the provisions set forth in the petition, and a further provision "that in the event parties of the second part [defendants] are unable to make a transfer of the permits above referred to then this transaction shall become null and void and the sum of $8,000 of which has been paid by party of the first part [plaintiff] shall be returned by parties of the second part to said party of the first part."

It appears further from the transcript of the evidence that on Monday, March 26, 1951, the plaintiff was called by defendants' attorney to his office where another agreement, apparently designed to cover the same general subject matter, was executed by plaintiff and defendants.

In this agreement the real estate, furniture, fixtures

and equipment referred to in the agreement of March 24 are mentioned and the aggregate amount of the purchase price is mentioned, but the manner of payment is not mentioned and the receipt of the $8,000 down payment is not mentioned, and the permits designated in the agreement of March 24 are not mentioned, nor is there any mention of the restaurant and beer business, and the provision as to the repayment of the $8,000 down payment of the purchase price is entirely omitted.

There is no evidence tending to prove the purpose or intent of the parties in entering into the agreement of March 26, and there is no evidence tending to prove what, if any, consideration there was for said agreement.

The agreement of March 24 is not mentioned in the agreement of March 26 and said latter agreement does not in any way purport to modify, abrogate, rescind or cancel the same or to be a substitute therefor. If the agreement of March 26 is considered a modification of the agreement of March 24 whereby the provisions of the agreement of March 24 not appearing in the agreement of March 26 remain in effect, the plaintiff would have no right of action for rescission for the reason that the remedy prescribed therein for the recovery of the down payment in the event of defendants being unable to transfer permits is the exclusive remedy to which plaintiff is entitled.

On the other hand, if the agreement of March 26 is considered as a novation or substitution for the agreement of March 24, plaintiff has no remedy by way of rescission for the reason that in the agreement of March 26 defendants do not agree to have the permits transferred to plaintiff and do not agree to any return of the down payment of the purchase price in the event of defendants' failure to do so.

It, therefore, appears that no matter how the agree-

ments are considered the plaintiff is not entitled to rescission of her contract upon the ground alleged in the petition, and the petition for rescission will have to be dismissed at her costs.

At the time the contract of March 26 was entered into the down payment of $8,000 prescribed in the agreement of March 24 had been made, so that the agreement of March 24 was not then an executory contract but a partially performed contract.

It is the settled law of this state that where a written contract not executory in character is either totally abandoned and annulled or simply altered or modified in some of its terms, it is done, and can only be done, by a distinct and substantive contract between the parties, founded on some new and distinct legal consideration. See syllabus, *Thurston & Hayes* v. *Ludwig,* 6 Ohio St., 1, 67 Am. Dec., 328.

As stated above, it does not appear that there was any new or distinct legal consideration for the agreement of March 26, and if there was no new or distinct legal consideration, the agreement of March 26 is void and of no effect, and the plaintiff, upon pleading and proving such fact, would be entitled to maintain an action to recover such down payment and to have such notes restored to her in conformity with the provisions of the agreement of March 24, prescribing that upon the failure of defendants to have permits transferred to her the said sum of $8,000 shall be returned to plaintiff.

The dismissal of plaintiff's petition at her costs shall be without prejudice to her maintaining an action of the character last above mentioned.

*Judgment accordingly.*

Younger, P. J., Guernsey and Middleton, JJ., concur.